WHIPPLE, J.,
concurring.
|,I agree with the result reached herein to affirm the trial court’s award to Consolidated Waterworks District No. 1, and I concur with the award of some additional compensation to Hartec, but write separately to further explain why the modifications are warranted on the record. Specifically, with regard to the raw water pipe rework, the plans called for Hartec to make a “tie-in” to existing 30-inch piping in the raw water building. Chris Hicks, one of the owners of Hartec, testified that in order to tie-in to the existing pipe, the plans called for Hartec to rotate a flange fitting 45 degrees, which could not be achieved with a standard drilled 30-inch fitting due to the location of bolt holes. In a September 15, 2000 letter to Hartec, GSE candidly advised that there was “a problem” with the plans in that while the plans called for the 90-degree fitting to be rotated 45 degrees after it penetrated the west wall of the building, a standard 30-inch fitting will not turn to exactly 45 degrees. In the letter, GSE offered solutions to Hartec to address this “problem,” yet the owner thereafter declined to compensate Hartec for the additional materials and labor it utilized in solving the “problem.”
Moreover, with regard to the additional roadway repair, the contract documents called for Hartec to replace or “re-road” a portion of road, consisting of the road area that Consolidated Waterworks allowed Hartec to use to access the property. However, when Hartec was ready to proceed with this part of the | ^contract, Har-tec was informed that it had destroyed other parts of the road and, thus, would be responsible for replacing those areas as well at Hartec’s expense.
When Hartec began removing the existing roadway, it discovered that the roadway when originally constructed had been “underpoured” and, thus, was substandard. In particular, although the contract documents indicated that the existing roadway was 8 inches thick, the existing concrete was only 4 to 6 inches thick in various locations. Additionally, Hartec noted that Consolidated Waterworks had also used the roadway to haul the owner-provided materials. Thus, given the substandard nature of the roadway and the use by Consolidated Waterworks which likely contributed to the deterioration of the road, Hartec established its entitlement to compensation for this item.
For these reasons and considering the record as a whole, I am constrained to concur in the modification of the judgment and the award to Hartec as set forth in the majority opinion.
McCLENDON, J., concurs and assigns reasons.
| ]I concur with the result reached by the majority. Further, given the contract’s failure to define “abnormal weather conditions” and based on the evidence presented, had I been sitting as trier of fact, I would have found that Hartec was entitled to additional extensions of time. However, I cannot conclude that the trial court’s finding in this regard was manifestly erroneous.